IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARL DIEHL,

                                                                           ORDER

                Petitioner,

                                                                   13-cv-518-bbc

    v.

BRIAN FOSTER, Warden,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Earl Diehl has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges a 2005 conviction for perjury. State v. Diehl, No. 2004CF188 (Jefferson Cty. Cir. Ct.). He argues that his plea was not knowing, intelligent and voluntary as a result of ineffective assistance of counsel. In particular, he says that trial counsel failed to inform him that (1) evidence obtained through a search warrant could have been suppressed because the warrant was not issued by a neutral and detached judge and the warrant was not supported by a sworn oath or affirmation; (2) the "the underlying court proceedings were constitutionally defective and void ab initio" because "the criminal charging instrument failed to state any known crime to state law"; and (3) he could have sought dismissal of the case on the ground that the testimony at issue was not material. Petitioner has paid the $5 filing fee, so the petition is ready for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

1

Petitioner denies that he has filed any other petitions in which he challenged the same conviction, dkt. #1 at 16, but that is incorrect. In 2008 he filed a § 2254 petition in this court in which he argued that his conviction in 2004CF188 was invalid because he received ineffective assistance of counsel before pleading guilty. In particular, he argued that counsel failed to object to prosecutorial misconduct, failed to obtain exculpatory evidence and advised him to admit that he knew he was lying when he testified. I denied the petition on the merits and the Court of Appeals for the Seventh Circuit denied the application for a certificate of appealability. Diehl v. McCash, 08-cv-742-slc (W.D. Wis.).

Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. In re Page, 179 F.3d 1024, 1025 (7th Cir. 1999). That standard is met in this case.

It is true that petitioner is raising new claims (or at least new arguments) in his petition and it appears that he had not yet exhausted his state court remedies as to those claims when he filed his 2008 petition, but that is not a ground for filing a second petition in federal court. Burton v. Stewart, 549 U.S. 147, 154 (2007) ("There is no basis in our cases for supposing . . . that a petitioner with unexhausted claims who . . . elects to proceed to adjudication of his exhausted claims . . . may later assert that a subsequent petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed

his first petition."). Rather, a petition challenging the same conviction on new grounds still qualifies as "second or successive" unless the events giving rise to the new claim had not yet occurred when the previous petition was filed. United States v. Obeid, 707 F.3d 898, 901-03 (7th Cir. 2013). Because all of petitioner's new claims relate to events that occurred before he pleaded guilty, his petition qualifies as "second or successive."

If petitioner believes that he qualifies for an exception to the rule against filing successive petitions, he must seek permission to file his petition with the Court of Appeals for the Seventh Circuit. I have no authority to consider the petition until that court gives its approval. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The court should issue a certificate when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). To the extent that this order qualifies as "final" under Rule 11, I decline to issue a certificate because reasonable jurists would not debate whether the petition qualifies as "second or successive" under § 2244.

ORDER

IT IS ORDERED that the petition of Earl Diehl for a writ of habeas corpus is DISMISSED for petitioner's failure to obtain the authorization required by 28 U.S.C. § 2244(b)(3)(A). This court has no authority to consider it. No certificate of appealability shall issue.

Entered this 17th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge