IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARL DIEHL,

                                                        ORDER

                          Petitioner,

                                           13-cv-518-bbc

          v.

BRIAN FOSTER, Warden,

                          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated September 17, 2013, dkt. #2, I dismissed Earl Diehl's petition for a writ of habeas corpus on the ground that it was a "second or successive" petition under 28 U.S.C. § 2244 and this court had no authority to consider it until petitioner obtained authorization from the Court of Appeals for the Seventh Circuit to file the petition.  On August 1, 2014, petitioner filed what he called a "motion for reconsideration" in which he argues that his 2013 petition should not qualify as "second or successive" because, after his 2008 petition was denied, "the state trial court ruled that [he] did not make a valid waiver of his right constitutional right to counsel on direct appeal, making all previous state and federal appellate filings null and void, and, fully reinstated Diehl's direct appellate rights." Dkt. #6.

Petitioner acknowledges that nearly a year passed between the entry of judgment in this case and the filing of his motion, but he asks the court to "suspend" any time limits for

"good cause" because he did not receive a copy of the judgment until he made an inquiry with the court "around March of this year." (In fact, it was in May 2014 that petitioner filed a letter asking for a status update.)  At that point, petitioner attempted to obtain authorization from the Court of Appeals for the Seventh Circuit to file his petition.  Among other things, he argued that "he does not need authorization because his initial federal collateral proceedings were also nullified when the Wisconsin appellate court vacated his first appeal." Diehl v. Van Hollen, No. 14-2201, slip op. (7th Cir. June 6, 2014).  The court of appeals rejected that argument on the ground that it "should have been raised in an appeal from the judgment dismissing his second petition." Id.

Petitioner's motion in this court has multiple problems.  First, petitioner has not shown "good cause" as he suggests for waiting until August 2014 to file his motion.  He did not accompany his motion with an affidavit or declaration under penalty of perjury that he never received a copy of the judgment.  If he did not receive a copy, it may be because he did not notify the court of a change in his address.  (The return address on the petition is Kettle Moraine Correctional Institution, but the return address on petitioner's letter asking for a status update is the Dane County Public Safety Building.)  Even if petitioner was not at fault for any failure to receive the judgment, he does not explain why he waited until 10 months after he filed his petition to check its status.

Regardless of the reason petitioner waited as long as he did, he cannot prevail on his motion.  Petitioner does not identify the rule under which he has brought his motion, but only two federal rules allow a court to alter a judgment.  Fed. R. Civ. P. 59 permits a party

to ask the court to amend a judgment to correct legal errors, but the deadline for filing a Rule 59 motion is 28 days after entry of judgment, Fed. R. Civ. P. 59(e), and that deadline cannot be extended for any reason.  Blue v. International Brotherhood of Electrical Workers Local Union 159, 676 F.3d 579, 582-83 (7th Cir. 2012).

Motions to vacate a judgment under Fed. R. Civ. P. 60 have a more generous one-year deadline, Fed. R. Civ. P. 60(c), but Rule 60 cannot help petitioner because "errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief."  Banks v. Chicago Board of Education, 750 F.3d 663, 667 (7th Cir. 2014). Petitioner's argument is that this court erred by failing to consider the legal effect of a state court decision rendered after the 2008 habeas petition was denied, which is an asserted legal error.

Even if I treated petitioner's motion as a timely Rule 59 motion, he would fare no better.  Petitioner did not argue in his petition that it should not be considered "second or successive" as a result of a state court decision.  Instead, he represented falsely in his petition that he had not filed any other petitions in which he challenged the same conviction.  Dkt. #1 at 16.  "A party may not introduce evidence or make arguments in a Rule 59 motion that could or should have been presented to the court prior to judgment."  United States v. 47 West 644 Route 38, Maple Park, Illinois, 190 F.3d 781, 783 (7th Cir. 1999).

Finally, I would reject petitioner's motion on the merits as well.  Petitioner cites no authority for his argument that the state court decision between his first and second petition somehow "voided" his first petition for the purpose of § 2244.  (Petitioner did not file a copy

3

of the state court decision, but I will assume for the purpose of petitioner's motion that the state court held that petitioner had not waived his right to counsel on appeal.)  Rather, in United States v. Obeid, 707 F.3d 898, 903 (7th Cir. 2013), the court stated that a petition is not "second or successive" if it "did not become ripe any earlier than until after the adjudication of the petitioner's first petition."

In this case, petitioner is arguing that his trial counsel was ineffective for failing to inform him of three things before pleading guilty:  (1) evidence obtained through a search warrant could have been suppressed because the warrant was not issued by a neutral and detached judge and the warrant was not supported by a sworn oath or affirmation; (2) the "the underlying court proceedings were constitutionally defective and void ab initio" because "the criminal charging instrument failed to state any known crime to state law"; and (3) he could have sought dismissal of the case on the ground that the testimony at issue was not material.  Because all of petitioner's claims relate to events that occurred before he pleaded guilty, they were ripe at the time he filed his first petition.  Petitioner does not explain how a state court decision about his right to counsel on appeal could have affected his ability to file a habeas petition regarding trial counsel's errors before the appeal.   Accordingly, I decline to alter my conclusion that petitioner's later petition qualifies as "second or successive" under § 2244.

## ORDER

IT IS ORDERED that petitioner Earl Diehl's motion for reconsideration, dkt. #6, is

DENIED.

Entered this 16th day of September, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge