IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARL DIEHL,

                                        ORDER

                 Petitioner,

                                    13-cv-518-bbc

     v.

BRIAN FOSTER, Warden,

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On September 17, 2013, I dismissed Earl Diehl's petition for a writ of habeas corpus under 28 U.S.C. § 2254. I also denied petitioner a certificate of appealability. On September 16, 2014, I denied petitioner's motion for reconsideration. Now petitioner has filed a notice of appeal. Because petitioner has not paid the $505 filing fee for his appeal, I construe his notice as including a request to proceed in forma pauperis on appeal. The request will be denied because I must certify that petitioner's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

       To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). However, I cannot certify that petitioner's appeal is taken in good faith; I denied his petition upon screening it under Rule 4 of the Rules Governing Section 2254 cases because he failed to obtain the authorization required by 28 U.S.C. 2244(b)(3)(A) and

1

as a "second or successive" petition, I had no authority to consider it. Having reviewed the order, I am convinced that reasonable jurists would not debate the conclusions I reached.

Because I am certifying petitioner's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $505 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of his request for leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), along with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Petitioner should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

If petitioner does not file a motion requesting review of this order, the court of appeals might not address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require petitioner to pay the entire $505 filing fee before it considers his appeal. If petitioner does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that petitioner Earl Diehl's request leave to proceed in forma pauperis on appeal is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R.

App. P. 24(a)(5).  The clerk of court is requested to insure that petitioner's obligation to pay the $505 filing fee for the appeal is reflected in this court's financial records.

Entered this 8th day of October, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge